JAMES R. GREINER, ESQ.
CALIFORNIA STATE BAR NUMBER 123357
LAW OFFICES OF JAMES R. GREINER
1024 IRON POINT ROAD
FOLSOM, CALIFORNIA 95630
TELEPHONE: (916) 357-6701
FAX: (916) 920-7951
E mail: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
MARTIN FLANDERS

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. S-12—363—TLN |
| ) | |
| PLAINTIFF, ) | STIPULATION AND AGREEMENT |
| ) | OF THE PARTIES TO CONTINUE |
| v. ) | THE STATUS CONFERENCE TO |
| ) | THURSDAY, AUGUST 28, 2014 |
| MARTIN FLANDERS, et al., ) | WITH EXCLUSION OF TIME |
| ) | UNDER THE SPEEDY TRIAL |
| ) | ACT; **ORDER** |
| DEFENDANTS. ) | |
| _____ ) | |

The parties to this litigation, the United States of America, represented by Assistant United States Attorney, Todd A. Pickles, and for the defendants:

Dina L. Santos representing Ligia Sandoval Spafford and James R. Greiner representing Martin Flanders, hereby agree and stipulate to the following[1]:

    1- By previous order, this matter was set for status on Thursday, May 29, 2014 (See Docket # 49).

    2. By this Stipulation, the defendants collectively now move to continue the status conference until **Thursday, August 28, 2014** and to exclude time pursuant to the Speedy Trial Act between **Thursday, May 29, 2014 and Thursday, August 28,2014,under Local Code T-4 (time for adequate attorney preparation)**. The government has produced the following discovery in the case:

    a- 200 hundred pages of paper discovery as the initial discovery;

    b- 8 banker boxes of documents located at the Sacramento FBI office have been scanned by the defense copy service and is on CD's; 3- One 3 Tera bite External Hard drive that the FBI put the information from the 7 office computers. In addition, the defense has continued to but not completed either the

---

[1] The government requested that the format presented in this stipulation be used by the parties.

Stipulation to Continue Status to August 28, 2014 - 2

review of the 8 banker boxes of documents on CD's or the sorting, understanding and review of the 3 Tera Bite external Hard drive of information that the FBI produced regarding the 7 office computers;

    c- the government has made written offers to both defendants which both defendants have begun the review of, which also entails the lengthy review of the Advisory Sentencing Guidelines, all of this with their respective attorneys;

    d- both defense counsel are continuing to do investigation in the case along with the legal research of the Advisory Sentencing Guidelines and reviewing the written plea offers with their respective clients and discussing both the investigation and the legal issues that relate to the written plea agreement.

    3. The parties agree and stipulate to the following and request the Court to find the following:

    a. The government has produced discovery to date which consists of:

    1- 200 hundred pages of paper discovery as the initial discovery;

2- 8 banker boxes of documents located at the Sacramento FBI office have been scanned by the defense copy service and is on CD's; 3- One 3 Tera bite External Hard drive that the FBI put the information from the 7 office computers.

3- the government has provided both defendants with written plea agreements.

4- both defendants and their respective counsel are reviewing the written plea agreements as well as researching the Advisory Sentencing Guidelines.

5- both defense counsel continue in the investigation of the case and in light of the plea agreements begin investigation relevant to the respective written offers.

6- The government based on the amount of discovery to date, does not oppose this request.

b. Counsel for both defendants need additional time, 1- to sort and understand what the information is on the 3 Tera Bite External Hard drive and  2- counsel for both defendants need additional time to continue the reviewing process of the 8 banker boxes of documents and 3- counsel for both defendants needs additional time to review  all of  the discovery with their respective clients so that any decision either defendant makes is a knowing, informed, intentional and voluntary decision and 4- counsel for both defendants need additional time to review with their respective clients the written offer to settle the case as well as the Advisory Sentencing Guidelines. Further both counsel for the defendants needs additional time  to conduct investigation in this case, do research, which includes legal research, in this case, and to otherwise do review and investigation, using due diligence, that this complex

Stipulation to Continue Status to August 28, 2014 - 5

case requires. In addition, counsel for the defendants need additional time regarding the information that is contained on the 3 Tera Bite External Hard drive in both retrieving the information and then reviewing the information with the respective clients. Finally, to do both investigation both legally and factually regarding the written plea agreements the government has provided both defendants and to continue the investigation into the case itself along with legal research into the Advisory Sentencing Guidelines.

c. Counsel for both defendants represents that the failure to grant the above requested continuance would deny counsel for each individual defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

          d. Now that the government has provided written plea agreements, the parties need additional time to explore the possibility of resolving this case short of trial which would be both a cost savings to this Court allowing this Court to expend its valuable resources on other matters and a cost savings to the government allowing the government to expend its valuable resources on other matters.

     4. The government, based on all of the above, does not object to the continuance.

     5. Based on the above stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and all the defendants in a trial within the original date prescribed by the Speedy Trial Act.

     6. For the purpose of computing the time under the Speedy Trial Act, Title 18 U.S.C. section 3161, et seq., within which trial must commence, the time period **from Thursday, May 29, 2014 to Thursday, August 28, 2014, inclusive**, is deemed excludable

pursuant to **Title 18 U.S.C. section 3161(h)(7)(A) and (B)(iv) corresponding to Local Code T-4**, because it results from a continuance granted by the Court at defendants' request on the basis of the **Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and all of the defendants in a speedy trial.**

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO AGREED TO AND STIPULATED.


Each attorney has granted James R. Greiner full authority to sign for each individual attorney.

Respectfully submitted:

        BENJAMIN B. WAGNER
        UNITED STATES ATTORNEY

DATED: 5-19-14   /s/ Todd A. Pickles
        _____
        Todd A. Pickles
        ASSISTANT UNITED STATES ATTORNEY
        ATTORNEY FOR THE PLAINTIFF

```
DATED: 5-19-14     /s/ Dina L. Santos

                   _____
                   Dina L. Santos
                   Attorney for Defendant
                   Ligia Sandoval Spafford

DATED: 5-19-14     /s/ James R. Greiner

                   _____
                   James R. Greiner
                   Attorney for Defendant
                   Martin Flanders
```

**ORDER**

**IT IS SO FOUND AND ORDERED.**

DATED:   May 22, 2014

_____
Troy L. Nunley
United States District Judge